UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6224-CR-FERGUSON

UNITED STATES OF AMERICA )
)
vs. )
)
RUTH ANTOINE, )
)
Defendant. )
_____ )



## GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through undersigned counsel, hereby moves in limine to exclude reference during the trial in the above-captioned matter to the disposition of the state of Florida's prosecution of Gernide Antoine on charges related to the conduct of the defendant in this case. In support of this motion, the United States states as follows:

1. Gernide Antoine is the sister of the defendant Ruth Antoine.

2. On April 12, 2000, Gernide Antoine arranged to have a counterfeit check for $19,500 drawn on the legitimate Washington Mutual Bank account of Elaine Nelson deposited into Gernide Antoine's Washington Mutual Bank account. Later that same day, Gernide Antoine made withdrawals of $10,000 and $9,500 from her Washington Mutual Bank account, against the counterfeit check she had arranged to have deposited earlier in the day. According to Gernide Antoine's written confession, for her role in this scheme, Gernide Antoine received $2,000.

3. According to the defendant's handwritten confession, the defendant then had discussions with Gernide Antoine regarding the apparent success of this scheme. Based on these discussions, the defendant decided to engage in exactly the same conduct. Consequently, on April



12, 2000, the defendant provided her Washington Mutual Bank account information to an accomplice, so that the accomplice could deposit a counterfeit check drawn on the Washington Mutual Bank account of Elaine Nelson into the defendant's bank account.  On April 13, 2000, the defendant went to the Sunrise branch of Washington Mutual Bank and attempted to withdraw $10,000 against the counterfeit check that her accomplice had deposited into her account earlier in the day.  The bank manager, however, refused to approve the transaction because the withdrawal slip signature did not match the signature card on file for Ruth Antoine's account.[1]

4.  Before the United States had an opportunity to determine what, if any, prosecutorial action to take against Gernide Antoine, the state of Florida filed a case against Gernide Antoine relating to the conduct discussed above.  Adjudication has been withheld in that case pending the defendant's successful completion of a five-year term of probation.  Based on the Department of Justice's Pettit Policy, federal prosecution of Gernide Antoine on the federal version of these charges is now precluded, absent a fairly unusual waiver obtained from the Department of Justice.

## MEMORANDUM OF LAW

5.  Rule 402, Fed. R. Evid., makes all "[e]vidence which is not relevant . . . not admissible."  Rule 401, Fed. R. Evid., in turn, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Even where evidence meets

---

[1] At various times, the defendant has offered contradictory explanations for why the signatures did not match.  When she was originally interviewed by the Secret Service, the defendant indicated that she had mis-signed her name to provide herself with plausible deniability.  During a subsequent conversation with a Secret Service agent conducted four months later, the defendant claimed that she mis-signed her name because she did not want the transaction to proceed.

the definition of "relevancy" under the Federal Rules of Evidence, however, Rule 403, Fed. R. Evid., provides for its exclusion "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."

6.   The United States contends that the status of and the punishment meted out in Gernide Antoine's state case fails to meet the definition of "relevancy" established by the Federal Rules of Evidence, or, alternatively, the prejudicial effect of the information heavily outweighs any minimal probative value that the evidence might have.

7.   First, the disposition of Gernide Antoine's state case is simply not relevant to whether the defendant engaged in the crime with which she is charged. How Gernide Antoine may or may not have been punished for her involvement in conduct similar to the defendant's tells us nothing about whether the defendant actually committed the crime in question. Consequently, the disposition of Gernide Antoine's state case cannot meet the definition of "relevant evidence," and, therefore, it should not be admissible.

8.   Finally, even if Gernide Antoine's state case disposition bears some minimal probative value -- and we contend that it does not, the prejudicial effect of admitting this information into evidence heavily outweighs whatever insignificant probative value the evidence might have. Accordingly, the United States respectfully submits that the Court should preclude any reference to Gernide Antoine's state case disposition.

## CONCLUSION

9.   For the foregoing reasons, the United States respectfully submits that the Court should grant its motion in limine and instruct the defense to make no reference to Gernide Antoine's state

case disposition.

                                        Respectfully submitted,

                                        GUY A. LEWIS
                                        UNITED STATES ATTORNEY

By: *(signature)*
                                        Robin S. Rosenbaum
                                        Assistant United States Attorney
                                        Florida Bar No. 908223
                                        500 E. Broward Blvd.
                                        Suite 700
                                        Fort Lauderdale, Florida 33394
                                        Tel: 954-356-7255 ext. 3595
                                        Fax: 954-356-7336

**CERTIFICATE OF SERVICE**

       **I HEREBY CERTIFY** that a true and correct copy of the foregoing was faxed November 27, 2000, to Daryl Wilcox, Esq., Federal Public Defender's Office, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

                                        *(signature)*
                                        Robin S. Rosenbaum
                                        Assistant United States Attorney