UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6224-CR-FERGUSON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **NIGHT BOX** |
| | ) | **FILED** |
| RUTH ANTOINE, | ) | |
| | ) | **DEC  i1 2000** |
| Defendant. | ) | |
| | ) | CLARENCE MADDOX |
| | | CLERK, USDC / SDFL / FTL |

## **GOVERNMENT'S OBJECTION TO DEFENSE'S PROPOSED JURY INSTRUCTION**

The United States of America, by and through undersigned counsel, hereby files its

objection to the defendant's proposed theory of defense instruction. The reasons for this

objection are as follows:

1. A defendant is entitled to a defense jury instruction where some evidence has been

adduced at trial pertaining to a valid defense. United States v. Ruiz, 59 F.3d 1151 (11th Cir.

1995). The defendant is entitled to have such a defense instruction even where support for the

theory is weak, insufficient, inconsistent or of doubtful credibility, and even if there is more than

enough evidence to convict the defendant on the theory of the United States.[1] United States v.

Opdahl, 930 F.2d 1530 (11th Cir. 1991); United States v. Morris, 20 F.3d 1111 (11th Cir. 1994).

2. In this case the defendant has claimed that she withdrew from the crime before it was

---

[1] A refusal to give a requested defense jury instruction constitutes reversible error only
where the requested instruction (1) is correct, (2) is not substantially covered by the Court's
charge to the jury, and (3) deals with some point in the trial so important that failure to give the
requested instruction seriously impairs the defendant's ability to conduct her defense. United
States v. Morris, 20 F.3d 1111 (11th Cir. 1994).



completed.  Withdrawal can be a valid defense under the appropriate circumstances.  See United

States v. McDowell, 705 F.2d 426 (11th Cir. 1983).  Additionally, while the United States strongly

contests the validity of the defendant's defense under the facts of this case, the United States

concedes that the defendant has met the minimal threshold of adducing some evidence of her

theory of defense.  Consequently, the defendant is entitled to some instruction regarding her

theory of defense.

3.  Nevertheless, the United States respectfully submits that although a very limited

portion of the defendant's proposed instruction states the law in the Eleventh Circuit as it pertains

to a successful withdrawal defense, the vast majority of the defendant's proposed instruction

simply is not the law and consequently, should not be given as an instruction to the jury.

4.  Specifically, the United States agrees that the Eleventh Circuit has recognized the

doctrine of renunciation.  "When the defendant's conduct would otherwise constitute an attempt,

it is an affirmative defense that he abandoned his effort to commit the crime, under circumstances

manifesting a complete and voluntary renunciation of his criminal purpose."  Eleventh Circuit

Criminal Handbook, Donald F. Samuel (2000) (citing United States v. McDowell, supra).  The

remaining statements in the defendant's proposed instruction, however, do not constitute the law.

Rather, they constitute argument by the defense, an inappropriate subject matter for a jury

instruction.

5.  Consequently, the United States respectfully submits that should the Court deem a

defense instruction on withdrawal appropriate, the following proposed instruction represents the

current status of the law in the Eleventh Circuit with respect to withdrawal:

It is the theory of the defense in this case that the defendant
withdrew from the crime charged in the Indictment.  When the
defendant's conduct would otherwise constitute an attempt, it is an

affirmative defense that she abandoned her effort to commit the crime, under circumstances manifesting a complete and voluntary *renunciation of her criminal purpose*.

Therefore, if the evidence in the case leaves you with a reasonable doubt as to whether the defendant made a complete and voluntary renunciation of criminal purpose, you should find the defendant not guilty.

If, on the other hand, you should find, beyond a reasonable doubt, that the defendant did not make a complete and voluntary renunciation of criminal purpose, this defense does not apply.

6. For the foregoing reasons, the United States respectfully submits that should the Court choose to give a withdrawal defense instruction, the Court Should use the instruction provided by the United States in paragraph 5 of this filing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: ROBIN S. ROSENBAUM
ASSISTANT U.S. ATTORNEY
Florida Bar No. 908223
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 ext. 3595
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered November 29, 2000, to Daryl Wilcox, Esq., Federal Public Defender's Office, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

Robin S. Rosenbaum
Assistant United States Attorney