UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6224-CR-GONZALEZ (FERGUSON)

UNITED STATES OF AMERICA, :

    Plaintiff,                    :

vs.                                 :

RUTH ANTOINE             :

    Defendant.                 :
_____/

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, RUTH ANTOINE, through undersigned counsel, files her objections to the Pre-Sentence Investigation Report (PSI), and Motion for Downward Departure, and in support thereof, the defendant states:

### OBJECTIONS

Ms. Antoine objects to the probation officer's computation of the offense level. See PSI ¶¶ 23-32. Ms. Antoine specifically objects to: (1) the probation officer's finding that the offense involved more than minimal planning; (2) the failure of the probation officer to recommend a role adjustment; and (3) the probation officer's finding that the loss attributable to Ms. Antoine is $19,870.64

### More Than Minimal Planning

The probation officer found that the offense involved more than minimal planning and increased the base offense level by two levels pursuant to USSG § 2F1.1(b)(2)(A). Ms. Antoine's



objects to this finding. More than minimal planning means more planning than is typical for commission of the offense in a simple form. See USSG § 1B1.1, comment (n.1(f)). More than minimal planning is deemed present in any case involving repeated acts over a period of time. Id. Ms. Antoine's simple conduct of merely attempting to cash a counterfeit check which had been placed in her account does not warrant a more than minimal planning enhancement. See United States v. Phath, 144 F.3d 146 (1st Cir.1998).

In Phath, the First Circuit held that a district court clearly erred in finding that a more than minimal planning enhancement was warranted in a bank fraud case where the defendant merely deposited two counterfeit checks into a bank account and withdrew the funds the next day, even though he had recruited two other persons to do the same. Id at 150. The Phath court found that the defendant's crime was simple and short lived and reasoned that the defendant's conduct was more similar to the embezzler who accomplished a single taking by a false book entry. Id.; See USSG § 1B1.1, comment (n.1(f)). In addition, the Phath court found that the defendant's crime was not comparable to other fraud cases in which the more than minimal planning enhancement was upheld. Id.

In this case, Ms. Antoine's conduct is less egregious and involved even less planning than the conduct of the Phath defendant. Similar to the Phath defendant, Ms. Antoine was asked to withdraw funds against a counterfeit check which had been placed in her account. However, unlike the Phath defendant, Ms. Antoine did not make the deposit, made one attempt to withdraw the money and did not recruit any other participants. Therefore, under the reasoning of Phath, Ms.

2

Ms. Antoine's conduct does not amount to more than minimal planning and the two level increase to her base offense level is unwarranted.

### Role Adjustment

Ms. Antoine objects to the Probation Officer's failure to recommend a role reduction pursuant to USSG § 3B1.2(b), which states: "If the defendant was a minor participant in any criminal activity, decrease by two levels." The accompanying commentary to § 3B1.2 states that a minor participant means "any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3) Ms. Antoine respectfully submits that she is entitled to a 2 level minor role reduction.

The Offense Conduct section of the PSI and the trial testimony establishes that Ms. Antoine is less culpable than most other participants. There are at least two persons who are more culpable than Ms. Antoine, the person(s) who created and deposited the counterfeit check into Ms. Antoine's account and Ronald Meneses, the bank teller whose role was to allow the transaction to be completed. In addition, it is reasonable to infer the involvement of another bank employee whose role was to obtain and provide the account information to the counterfeiter(s). Moreover, had the scheme succeeded, Ms. Antoine would not have receive the majority, if any of the proceeds. See PSI ¶ 11.

Ms. Antoine was recruited into this scheme by her sister, Gernide Antoine and an acquaintance, Steve (a.k.a. Israel Tassy). See PSI ¶ 14. Because it was Steve's role to distribute the proceeds of the money once the withdrawal was completed, it is reasonable to infer that Steve had a managerial role in the scheme. Therefore, Steve is also more culpable than Ms. Antoine.

3

Accordingly, Ms. Antoine is entitled to a two level reduction for her minor role in the offense pursuant to USSG § 3B1.2(b)

## Valuation of Loss Amount

Ms. Antoine was charged and convicted of attempting to defraud Washington Mutual Bank by attempting to withdraw $10,000 dollars against a counterfeit check in the amount of $19,870.64 which had been deposited in her account. The probation officer determined that the loss attributable to Ms. Antoine's conduct was $19,870.64 and therefore, increased the base offense by three levels pursuant to USSG § 2F1.1(b)(1)(D). Ms. Antoine submits that because she did not deposit the counterfeit $19,870.64 check and only attempted to withdraw $10,000.00, her offense level should have been increased by two levels pursuant to USSG § 2F1.1(b)(C).

Under USSG § 2F1.1(b)(1), the intended loss should be used to calculate the base offense level if the intended loss can be determined and is greater than the actual loss. See USSG § 2F1.1, comment.n.8. Before a sentencing court may enhance a sentence based upon intended loss, there must be evidence to show that (1) the defendant intended the loss, (2) the defendant had the ability to inflict the loss, and (3) the defendant completed all acts necessary to cause the loss. See United States v. Flemming, 128 F.3d 285, 287 (6th Cir. 1997).

In this case, the first and third requirements are not met. As to the first requirement, the offense conduct section of the PSI and the evidence introduced at trial do not establish that Ms. Antoine intended to cause a loss greater than $10,000.00. Ms Antoine did not deposit the $19,870.64 in the bank. Therefore, it cannot be presumed that Ms. Antoine intended to withdraw the entire amount. Nor it can be said with any degree of certainty that Ms. Antoine knew that an amount

4

in excess of $10, 000.00 had been deposited in her account. Moreover, after Ms. Antoine was unable to withdraw the $10,000.00, she made no further attempts to withdraw the money at another bank branch. As to the third requirement, Ms. Antoine did not complete all the acts necessary to cause the loss of $19, 870.64 because the act of depositing that sum of money was committed by someone other than Ms. Antoine and Ms. Antoine made no attempt to withdraw an amount of money exceeding $10,000.00.

Admittedly, there are cases which hold that the offense of crime of bank fraud is completed upon the deposit of the fraudulent check and therefore, the face value of the amount deposited is properly calculated as the intended loss. See United States v. Williams, 81 F.3d 1321, 1328 (4th Cir. 1996). However, because Ms. Antoine was not the person who deposited the fraudulent check, the rationale of those cases are not applicable to the case at hand. Accordingly, the base offense level should only be increased two levels pursuant to USSG § 2F1.1(b)(C) because the government cannot establish that Ms. Antoine intended to cause a loss greater than $10,000.00.

## MOTION FOR DOWNWARD DEPARTURE

Ms. Antoine respectfully moves for a downward departure from the otherwise applicable guideline offense level pursuant to USSG § 5K2.20 because the crime for which she was convicted constituted a single act of aberrant behavior, and in support thereof, Ms. Antoine states:

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. See USSG § 5K2.20. However, the court may not depart below the guideline range on this basis if (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or other

5

dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point; and (5) the defendant has a prior felony conviction. Id.

The Sentencing Commission recently amended the Sentencing Guidelines to allow sentencing courts greater flexibility in considering whether a downward departure should be granted because the defendant's conduct constituted aberrant behavior. See USSG App. C, amend. 603. Prior to this amendment, Eleventh Circuit case law only permitted a downward departure for aberrant behavior if the crime was a single spontaneous and thoughtless act. See United States v. Pickering, 178 F.3d 1168 (11th Cir. 1999), United States v. Withrow, 85 F.3d 527 (11th Cir. 1996). Accordingly, a downward departure was inappropriate if the defendant had time to reflect upon the action he was about to take. See Withrow, 85 F.3d at 531. The amendment now defines "aberrant behavior"more flexibly than prior Eleventh Circuit case law. The Sentencing Commission concluded that the "single thoughtless and spontaneous act" interpretation was overly restrictive. See USSG App. C, amend. 603.

Aberrant behavior is now defined as a single criminal occurrence or single criminal transaction that was (A) was committed without significant planning, (B), was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life. See USSG § 5K2.20, comment. (n.1). Ms. Antoine submits that the criminal act for which she has been convicted constituted a single act of aberrant behavior as set forth in USSG § 5K2.20.

As previously stated in Ms. Antoine's objection to the enhancement for more than minimal planning, the offense of conviction did not involve a significant amount of planning and was of

limited duration. The offender characteristics section of the PSI reveals that Ms. Antoine is a young single mother attempting to finish college while maintaining full time employment, a difficult task to say the least. Ms. Antoine's return to college after the birth of her child demonstrates strength of character and a resolve to succeed in life. Accordingly, the conduct for which she has been convicted represents a marked deviation from an otherwise law abiding life. This conclusion is further supported by the trial testimony of defense character witness Rosa Kelly. Therefore, Mr. Antoine respectfully requests that this Court grant her motion for downward departure pursuant to USSG § 5K2.20.

### Conclusion

The defendant, Ruth Antoine, requests that this court sustain her objections to the Pre-sentence Investigation Report and grant her Motion for Downward Departure and impose a sentence consistent with the facts and arguments set forth above

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 NE 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
(954) 356-7436 ext. 112/(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed and faxed this 6th day of February, 2001 to Assistant United States Attorney Robin Rosenbaum, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301 and Mayda P. Fortuanato, Supervising United States Probation Officer, United States Courthouse, Room 315, 300 N.E. First Avenue, Miami, Florida. 33312-2126.

Daryl E. Wilcox