UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6224-CR-HUCK

FILED BY_____ D.C.

04 FEB 12 PM 4: 21

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

UNITED STATES OF AMERICA

vs.

RUTH ANTOINE,

    Defendant.
_____/

## OPPOSITION TO MOTION TO SEAL OR EXPUNGE CASE FILE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its opposition to defendant's Motion to Seal or Expunge Case File. In support thereof, the United States states:

1. The defendant, Ruth Antoine, was indicted by a grand jury in the Southern District of Florida on August 10, 2000. At the time of her indictment, the defendant was not a minor. The indictment charged the defendant with a scheme to defraud Washington Mutual Bank by withdrawing $10,000 against a $19,870 check that the defendant knew to be counterfeit. The indictment charged that the fraud occurred on April 13, 2000, and that the acts were committed in violation of Title 18, United States Code, Sections 1344 and 2.

2. The defendant pled not guilty and was found guilty by a jury on November 29, 2000. She was sentenced to four months' imprisonment, 120 days home confinement, and three years of supervised release. On April 11, 2003, the defendant's term of supervised release was revoked and she was sentenced to the nine months of imprisonment she had already served, with no supervised release to follow the imprisonment.

3. On January 13, 2004, the defendant filed the instant motion, seeking to expunge her



conviction and seal her file. She has cited no legal authority for her motion, and no such authority exists.

4.  The only statute providing for expungement of a federal conviction is 18 U.S.C. § 3607(c), which allows for the expungement of a conviction of simple possession of narcotics pursuant to 21 U.S.C. § 844, if the defendant was under the age of 21 at the time of the offense. In addition, prior to its repeal, 18 U.S.C. § 5021 allowed for the "setting aside" of other federal juvenile convictions, but even that did not expunge the record of conviction. Thus, there is no legal basis for expunging the defendant's criminal record.

5.  The defendant further seeks to have her record "sealed." Pursuant to General Rule 5.4 of the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." This codifies the Constitutional protections of defendants and the public's First Amendment right of access to criminal trial proceedings. See, e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980); United States v. Valenti, 987 F.2d 708 (11th Cir. 1993); U.S. Const. Amend. VI; Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). Thus, sealing of a public court record must be (1) "essential to preserve higher values" and (2) be "narrowly tailored to serve that interest." Valenti, 987 F.2d at 713. The types of "higher values" that courts have endorsed include protecting a continuing law enforcement investigation and withholding the identity of confidential informants. See Richmond Newspapers, 448 U.S. at 581; Rovario v. United States, 353 U.S. 53, 59 (1957).

6.  Here, the defendant has provided no basis for sealing of her file, except to keep others – including, it appears, a state licensing office – from learning her criminal history. That is not a

legitimate basis for sealing any record as it does not address the need to "preserve higher values." The defendant further seeks to seal her *entire* case file, which is not "narrowly tailored," as required.

7. The defendant was convicted of committing bank fraud and recently violated the terms of her supervised release. She has provided no legitimate basis for either expunging or sealing her criminal record, to which Court rules, case law, and the Constitution guarantee the public's right to access.

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's Motion to Seal and Expunge.

Respectfully submitted,
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
GREGORY M. MUNSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0188344
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9262
Facsimile (305) 530-7976

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by United States Mail, postage prepaid, on February 12, 2004, to: Ruth Antoine, 1911 West 5th Street, Apt. H, Bradenton, Florida 34205.

_____
Gregory M. Munson
Assistant United States Attorney